IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LINDA ROBINSON, | ) | CIVIL NO. 17-00105 DKW-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT PLAINTIFF'S MOTION TO |
| vs. | ) | REMAND PURSUANT TO 28 U.S.C. |
| | ) | § 1447 |
| FIRST HAWAIIAN BANK, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447[1]

Before the Court is Plaintiff's Motion to Remand Pursuant to 28 U.S.C. §1447, filed April 4, 2017 ("Motion"). ECF No. 20. Plaintiff asserts that removal of this action from state court was inappropriate because her state law usury claim is not preempted by the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"). ECF No. 20-1. Defendant filed its Opposition to the Motion on April 18, 2018, asserting that jurisdiction in federal court is appropriate because DIDA completely preempts state law usury claims. ECF No. 24. Plaintiff filed her Reply on May 2, 2017. ECF No. 26. The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

United States District Court for the District of Hawaii. ECF No. 21. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed and RECOMMENDS that the district court GRANT Plaintiff's Motion.

## BACKGROUND

Plaintiff filed this putative class action in the Circuit Court for the First Circuit of the State of Hawaii, on January 27, 2017. ECF No. 1-2. Plaintiff alleges that Defendant is a state-chartered, federally insured bank. Id. ¶ 18. Plaintiff challenges two of Defendant's banking practices: (1) the imposition of initial overdraft fees on debit card transactions approved and deducted on a sufficient available balance; and (2) the imposition of a continuous overdraft fee, which is assessed for each seven-day period that a customer's account has a negative balance. Id. ¶¶1-15, 22-55, 59-64. Plaintiff asserts four claims against Defendant: (1) violation of Hawaii's Uniform Deceptive Trade Practice Act; (2) conversion; (3) unjust enrichment; and (4) violation of Hawaii's usury laws pursuant to Hawaii Revised Statutes Section 478. Id. For purposes of this Motion, the key claim is the alleged violation Hawaii's usury laws.

Defendant filed its Notice of Removal on March 6, 2017. ECF No. 1. In the Notice, Defendant states that removal is appropriate because Plaintiff's state law usury claims are

completely preempted by DIDA, 12 U.S.C. § 1831d.  Id. at 5-6. Plaintiff filed the present Motion on April 4, 2017, seeking remand of this action to state court.  ECF No. 20.

## DISCUSSION

Any civil action may be removed to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was proper.  Washington v. Chimei Innolux Corp., 659 F.3d 842, 847 (9th Cir. 2011).

Federal courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Generally, "a case is not removable if the complaint does not affirmatively allege a federal claim."  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 2 (2003); see also Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (holding that under the well-pleaded complaint rule, "a suit arises under federal law for 28 U.S.C. § 1331 purposes only when the plaintiff's statement of his own cause of action shows that

3

it is based upon federal law"). However, if a federal statute wholly displaces state law and provides the exclusive remedy for a plaintiff's requested relief, the court must "recharacterize a state law complaint . . . as an action arising under federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). In these instances, federal law "completely preempts" the state law claims. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 24 (1983). "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." Beneficial Nat'l Bank, 539 U.S. at 8.

Complete preemption arises only in "extraordinary" situations. Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 862 (9th Cir. 2003) (citing Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183-84 (9th Cir. 2002)). Complete preemption applies when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Taylor, 481 U.S. at 63–64. The Supreme Court has found complete preemption in only three circumstances:  claims between employees, employers, and unions under Section 301 of the Labor Management Relations Act; claims regarding benefits under plans regulated by the Employee

Retirement Income Security Act; and claims for usury against national banks under Sections 85 and 86 of the National Bank Act. See Ansley, 340 F.3d at 862 (examining prior findings of complete preemption in holding that the Alternative Mortgage Transaction Parity Act did not completely preempt state laws relating to alternative mortgage transactions).

The "test" for complete preemption is "whether Congress clearly manifested an intent to convert state law claims into federal-question claims." Wayne, 294 F.3d at 1184 (holding that the Airline Deregulation Act of 1978 does not provide a basis for federal jurisdiction under the complete preemption doctrine). To make this determination, courts examine the statutory text to determine whether Congress intended for the federal statute to provide the exclusive remedy so as to create federal jurisdiction. See Beneficial Nat'l Bank, 539 U.S. at 8-9; Ansley, 340 F.3d at 862-64.

Defendant argues that because the National Bank Act completely preempts state law usury claims against federally-chartered banks, Section 521 of DIDA should completely preempt Plaintiff's state law usury claim against Defendant, a state-chartered bank. ECF No. 24. Defendant contends that Section 521 of DIDA "incorporates the operative language" of Section 85 and 86 of the National Bank Act and has been interpreted the same as Sections 85 and 86. Id. at 6-7. Accordingly, Defendant argues that Section 521 of DIDA must provide "identical preemption

protection" as the National Bank Act and completely preempts Plaintiff's state law usury claims. Id. On the basis of complete preemption, Defendant asserts that federal question jurisdiction exists and removal is appropriate. Id. at 7-8. Plaintiff argues that remand is necessary because the Court lacks federal question jurisdiction. ECF No. 20-1. Specifically, Plaintiff contends that the statutory differences between DIDA and the National Bank Act require a determination state law usury claims are not completely preempted under DIDA. Id.

The Ninth Circuit has not addressed whether DIDA completely preempts state law usury claims against state-chartered banks. In an unpublished decision, the Ninth Circuit stated that "while it appears that the rationale of the Supreme Court's decision in Anderson [in which the Supreme Court found complete preemption of state law usury claims against federally chartered banks under the National Bank Act] would extend to usury claims against state chartered, federally insured banks, we do not decide this question." Cross-Country Bank v. Klussman, 74 F. App'x 796, 797 (9th Cir. 2003). However, the Court recognizes that this statement, in dicta, is not precedent. Additionally, the Court notes that the issue of complete preemption under DIDA was raised in Hawaii ex rel. Louie v. JP Morgan Chase & Co., 907 F. Supp. 2d 1188, 1213-14 (D. Haw. 2012). In that decision, the district court found that DIDA completely preempted the plaintiff's claims, but did not include any discussion of

6

Congressional intent reflected in the statutory language of Section 521.  Id.  Additionally, that decision was reversed when the Ninth Circuit found that the plaintiffs were not asserting claims regarding interest, and therefore complete preemption was inapplicable.  761 F.3d 1027, 1037-38 (9th Cir. 2014).

After carefully considering the statutory text, the relevant authority, and the arguments of the parties, the Court finds that DIDA does not completely preempt state-law usury claims and does not establish the federal question jurisdiction necessary for removal of this action.

**1. Section 521 of DIDA**

"'The starting point in interpreting a statute is its language, for if the intent of Congress is clear, that is the end of the matter.'"  United States v. Turner, 689 F.3d 1117, 1119 (9th Cir. 2012) (quoting Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409 (1993)).  Section 521(a) of DIDA establishes the maximum interest rate for loans made by state-chartered, federally insured banks.  See 12 U.S.C. § 1831d(a).  In full Section 521(a) provides:

> (a) Interest rates
> In order to prevent discrimination against State-chartered insured depository institutions, including insured savings banks, or insured branches of foreign banks with respect to interest rates, if the applicable rate prescribed in this subsection exceeds the rate such State bank or insured branch of a foreign bank would be permitted to charge in the absence of this subsection, such State

7

> bank or such insured branch of a foreign bank may, notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section, take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at a rate of not more than 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where such State bank or such insured branch of a foreign bank is located or at the rate allowed by the laws of the State, territory, or district where the bank is located, whichever may be greater.

12 U.S.C. § 1831d(a). Section 521(b) of DIDA details the remedy available to borrowers who are charged rates in excess of the limits established in Section 521(a). See 12 U.S.C. § 1831d(b). In full, Section 521(b) provides:

> If the rate prescribed in subsection (a) exceeds the rate such State bank or such insured branch of a foreign bank would be permitted to charge in the absence of this section, and such State fixed rate is thereby preempted by the rate described in subsection (a), the taking, receiving, reserving, or charging a greater rate of interest than is allowed by subsection (a), when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. If such greater rate of interest has been paid, the person who paid it may recover in a civil action commenced in a court of appropriate jurisdiction not later than two years after the date of such payment, an amount equal to twice the amount of the interest paid from such State bank or such insured branch of a foreign bank taking, receiving, reserving, or charging such interest.

12 U.S.C. § 1831d(b).

The Court finds that the limiting language contained in Section 521 does not reflect an intent by Congress to convert state law claims into federal question claims. See Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993) (finding that the Federal Crop Insurance Act "does not have the extraordinary preemptive force necessary for the application of the doctrine of complete preemption"). Specifically, the statute expressly states that it applies "if the applicable rate prescribed in this subsection exceeds the rate such State bank . . . would be permitted to charge in the absence of this subsection." Id. In other words, Section 521 only applies if the federal rate exceeds the state law rate. Id. If state law allows for state-chartered banks to charge a higher interest rate than is prescribed in Section 521(a), then this statute is not triggered. Id.

Importantly, Section 521(b), which sets forth the available remedy, contains the same limiting language as subsection (a). Specifically, subsection (b) provides that the remedy is only available "if rate prescribed in subsection (a) exceeds the rate such State bank . . . would be permitted to charge in the absence of this section." Id. This limitation recognizes that the remedy available under Section 521(b) of DIDA is only available if the federal rate exceeds the state law rate. Complete preemption is only found if Congress intended "to

9

provide the exclusive cause of action." Beneficial Nat'l Bank, 539 U.S. at 2 ("Only if Congress intended [the National Bank Act] to provide the exclusive cause of action for usury claims against national banks would the statute be comparable to the provisions construed in [the two prior decisions finding complete preemption under the LMRA and ERISA]."). Congress's express limitation on the application of Section 521 does not reflect an intent to make DIDA the exclusive cause of action for usury claims against state-chartered banks. The plain language of DIDA reflects an intent to provide a federal cause of action only if the state law conflicts with Section 521(a), i.e., if the state law sets a lower interest rate than that allowed by Section 521(a). See 12 U.S.C. § 1831d(a) (stating that the subsection applies "if the applicable rate prescribed in this subsection exceeds the rate such State bank . . . would be permitted to charge in the absence of this subsection . . . notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section"); Id. § 1831d(b) (stating that if the rate in subsection (a) is higher than the state rate, then "such State fixed rate is thereby preempted by the rate described in subsection (a).").

Congress's stated intent in enacting Section 521 was "to prevent discrimination . . . with respect to interest rates" against state-chartered banks. Id. This intent is furthered by recognizing the limitations contained in Section 521. See Thomas

10

v. U.S. Bank Nat'l Ass'n ND, 575 F.3d 794, 797 (8th Cir. 2009) ("a close examination of the statutory language [of DIDA] indicates Congress very clearly intended the preemptive scope of DIDA to be limited to particular circumstances").

The Court is also unpersuaded by Defendant's arguments that Section 521 of DIDA must create complete preemption because the Supreme Court has determined that Sections 85 and 86 of the National Bank Act completely preempts state law usury claims against national banks.  See ECF No. 24.  Defendant's position ignores the important textual difference in these two statutes. The Eighth Circuit has found that DIDA does not result in complete preemption because "the language of DIDA, unlike the [National Bank Act], does not reflect Congress' intent to provide the exclusive cause of action for a usury claim against a federally-insured state-chartered bank."  Thomas, 575 F.3d at 797.  Contrary to Defendant's arguments, a "majority of appellate courts" have not determined that state law usury claims are completely preempted by DIDA.  See ECF No. 24 at 11-12.  Only the Third Circuit has reached this conclusion.  See In re Cmty. Bank of N. Va., 418 F.3d 277, 295 (3d Cir. 2005).[2]  The Fourth

---

[2] The Court also notes that the Fifth Circuit has touched on the issue without analysis.  See Hood ex rel. Mississippi v. JP Morgan Chase & Co., 737 F.3d 78, 84 (5th Cir. 2013) (adopting the parties' premise "that the same preemption analysis applies for both the NBA and DIDA" in finding no preemption because the claims at issue were not usury claims).

11

Circuit's decision on this issue was reversed on other grounds and was called into question by a later decision. See Discover Bank v. Vaden, 489 F.3d 594, 605 (4th Cir. 2007), *rev'd on other grounds*, 556 U.S. 49 (2009), *called into question by*, Cmty. State Bank v. Knox, 523 F. App'x 925, 929 (4th Cir. 2013) (stating that it was unclear whether its holding in Vaden "remains intact after the Supreme Court's reversal."). Additionally, contrary to Defendant's assertions, the First Circuit has not addressed the issue of DIDA's complete preemption, but has instead examined whether DIDA expressly preempts a specific state statute, which is not at issue here. See Greenwood Trust Co. v. Com. of Mass., 971 F.2d 818, 824 (1st Cir. 1992).

In examining the available authority, the Court is persuaded by the Eighth Circuit's well-reasoned analysis of the statutory language of Section 521. See Thomas, 575 F.3d at 800 ("the unabridged language of the statute, which is both the starting and ending point of our analysis, . . . clearly establishes the limited effect DIDA has on such [state law usury] claims"); see also Donald v. Golden 1 Credit Union, 839 F. Supp. 1394, 1402 (E.D. Cal. 1993) (stating that "[t]he substantial difference between the jurisdictional provisions of DIDA and the [other two federal statutes where the Supreme Court found complete preemption] is significant" in holding that DIDA did not

12

completely preempt a state statute regarding liquidated damages). Because Plaintiff's state law usury claims are not completely preempted by Section 521 of DIDA, the Court finds that Plaintiff's Complaint asserts only state law claims against Defendant and is not removable on the basis of federal question jurisdiction.  See Taylor, 481 U.S. at 68 ("the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court.") (Brennan, J., concurring).  The Court finds that Section 521 of DIDA does not completely preempt state usury law.  Consequently, DIDA does not provide the basis for federal question jurisdiction or removal.  Accordingly, the Court RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand.

## CONCLUSION

For the reasons set forth above, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand Pursuant to 28 U.S.C. §1447.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 12, 2017.



Richard L. Puglisi
United States Magistrate Judge

**ROBINSON vs. FIRST HAWAIIAN BANK, ET AL.; CIVIL NO. 17-00105 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447**